CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 1 2 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BRANDON RAY BANKS, | ) | Civil Action No. 7:08-cv-00239 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| DANIEL BRAXTON, | ) | By: Hon. Glen E. Conrad |
|     Respondent. | ) | United States District Judge |

Petitioner Brandon Ray Banks, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Banks challenges the validity of his confinement resulting from his guilty plea in the Warren County Circuit Court. Banks claims that his counsel was constitutionally ineffective and that the circuit court judge and the prosecutor violated his constitutional rights. The respondent filed a motion for summary judgment, and Banks filed a timely response, making the matter ripe for the court's consideration. For the reasons that follow, the court grants the respondent's motion for summary judgment.

I. Facts

Banks pleaded guilty on June 21, 2006, to attempted murder, abduction, felonious assault and battery, and eluding the police. In exchange for his pleas, the Commonwealth dropped the additional charges of violating a protective order, assault and battery, and failure to appear. (Resp. Ex. 1 at 11.) The victim of these crimes was his estranged wife, Melissa Leadman Banks. Banks is incarcerated, serving the twenty-five year and six month sentence imposed by the Circuit Court. Banks did not file a direct appeal.

Banks filed a habeas petition with the Warren County Circuit Court on March 23, 2007. The Circuit Court dismissed the habeas petition on August 21, 2007, by a memorandum opinion

and order. Banks appealed the decision to the Supreme Court of Virginia, and the Court denied the appeal on March 10, 2008. Banks filed the instant habeas petition on March 18, 2008, alleging that the Warren County Circuit Court violated Banks' due process rights by denying him an evidentiary hearing; his counsel was constitutionally ineffective; and the Commonwealth coerced his guilty plea.

## II. Discussion

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Federal courts may not grant writs of habeas corpus to petitioners in state custody unless the petitioners have first exhausted their state remedies by presenting their claims to the highest state court. 28 U.S.C. § 2254(b)(1). To properly present claims to state courts, the substance of a petitioner's claim must have been presented fairly, "face-up[,] and squarely." Townes v. Murray, 68 F.3d 840, 846 (4th Cir. 1995) (citing Anderson v. Harless, 459 U.S. 4, 6 (1982) (per curiam)). Petitioners must discuss "operative facts and the controlling legal principles[.]" Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (internal quotation marks omitted). "Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Townes, 68 F.3d at 846.

### A.

If a petitioner has failed to present his federal habeas claims to the highest state court, the claims will be considered exhausted if they clearly would be procedurally barred under independent and adequate state law grounds. Gray v. Netherland, 518 U.S. 152, 161 (1996).

2

Federal courts may not subsequently review those exhausted, defaulted claims because the claims are considered adjudicated on independent and adequate state law grounds. Id. See Teague v. Lane, 489 U.S. 288, 298-99 (1989). However, petitioners may be excused from their procedural default if they can demonstrate cause and prejudice for the default or that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thomspon, 501 U.S. 722, 749 (1991) (internal quotation marks omitted).

In his state habeas petition, Banks claimed that Warren County Circuit Court Judge Dennis L. Hupp violated the Canons of Judicial Ethics by denying Banks' request for an evidentiary hearing after Banks "clearly described a conflict of interest and ineffective counsel issues in a motion for sentence reduction and [in a] letter to Judge Hupp asking for a hearing on these matters[.]" (Pet'r Ex. 25 at 5.) In denying his habeas claim, the Warren County Circuit Court noted that an allegation of judicial misconduct for failing to hold an evidentiary hearing "does not raise any jurisdictional issue and does not allege ineffective assistance of counsel, and therefore is not a cognizable claim in this habeas corpus proceeding."[1] Banks v. Braxton, No. CL07000224-00 slip op. at 12 (Warren Co. Cir. Ct. Aug. 21, 2007).

In his federal habeas petition, Banks couches this claim under the due process clause of the Fourteenth Amendment, not the Canons of Judicial Ethics, by claiming that the Warren County Circuit Court violated due process when it denied his request for an evidentiary hearing. Banks alleges that he was prevented by a protective court order from obtaining the victim's

---

[1] The Warren County Circuit Court also concluded that Banks' allegation of judicial misconduct was untenable because the Warren County Circuit Court had already held that no conflict of interest existed. Since no conflict of interest existed, the Warren County Circuit Court concluded that it had properly denied Banks' motion for the evidentiary hearing and dismissed the claim. Banks, No. CL07000224-00 at 12.

3

affidavit to support his claim that his attorney had a conflict of interest. Banks alleges that the only other way he could obtain the evidence was through an evidentiary hearing. (Pet'r Mem. at 25.)

Banks failed to argue in state habeas proceedings that the Warren County Circuit Court denied him his due process rights under the Fourteenth Amendment of the United States Constitution. If he went back to state court to raise this claim now, it would be barred under Slayton v. Parrigan, 215 Va. 27, 27 (1974). The Supreme Court of Virginia held in Slayton that "[t]he trial and appellate procedures in Virginia are adequate in meeting procedural requirements to adjudicate State and Federal constitutional rights" and that "[a] prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." Id. at 30. The United States Court of Appeals for the Fourth Circuit has repeatedly held that the rule set forth in Slayton constitutes an independent and adequate state ground for the denial of habeas relief. See, e.g., Fisher v. Angelone, 163 F.3d 835, 853 (4th Cir. 1998); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998); Fitzgerald v. Greene, 150 F.3d 357, 366 (4th Cir. 1998).

Banks could have raised his Fourteenth Amendment due process claim in his habeas petition to the Warren County Circuit Court and habeas appeal to the Supreme Court of Virginia, but he failed to do so. Accordingly, the claim is procedurally defaulted under independent and adequate state procedural rules. This court may not review procedurally defaulted claims absent a showing of cause and prejudice or miscarriage of justice. See Wright, 151 F.3d at 160-61. Because Banks makes no such showing to excuse his procedural default, this claim must be dismissed.

4

B.

A federal court may not grant habeas relief for claims adjudicated by state courts unless the adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or "resulted in a decision that was based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 376-77 (2000). An "adjudication on the merits" for § 2254(d) includes claims that were decided in state court, even in summary fashion. Thomas v. Taylor, 170 F.3d 466, 475 (4th Cir. 1999). When a reasoned state court judgment rejects a federal claim, later unexplained state court orders upholding that judgment will rely upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

A state court adjudication is "contrary to" clearly established federal law if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 376-77 (2000); see Lovitt v. True, 403 F.3d 171 (4th Cir. 2005); Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (en banc). A state court decision unreasonably applies clearly established federal law if the state court, despite correctly identifying the governing legal principle, "unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Id. at 411. Thus, under § 2254(d)(1)'s "unreasonable application" clause, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court's decision applied clearly established federal law erroneously or incorrectly. Rather, the

5

application must also be unreasonable. Id.; see Booth-El v. Nuth, 288 F.3d 571, 576 (4th Cir. 2002); McLee v. Angelone, 967 F. Supp. 152, 156 (E.D. Va. 1997) (holding that the focus of federal court review is the state court decision that previously addressed the claims, not the petitioner's freestanding claims themselves). Furthermore, a state court determination of a factual issue is "presumed to be correct" and that presumption may be rebutted only "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003).

   *1.   Ineffective assistance of counsel*

Banks alleges that his trial counsel was constitutionally ineffective because counsel:

a. Previously represented the victim, which constituted an undisclosed conflict of interest;

b. Failed to disclose the conflict of interest, which denied Banks the opportunity to waive the conflict of interest, and failed to disclose that Banks could withdraw his guilty plea due to the conflict of interest;

c. Failed to disclose that he spoke with the victim at the crime scene on a date after the crimes occurred;

d. Failed to interview three witnesses to prove the victim was having an affair;

e. Failed to disclose evidence until the day of the guilty plea hearing; and

f. Failed to give Banks "pieces of information relating to his defense."

Banks presented each claim in his state habeas petition to the Warren County Circuit Court and in his state habeas appeal to the Supreme Court of Virginia.

To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test

set forth in Strickland v. Washington, 466 U.S. 668 (1984). If petitioners have not satisfied one prong of the Strickland test, courts do not need to inquire whether they have satisfied the other prong. Id. at 697. The first prong of Strickland requires petitioners to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. The second prong of Strickland requires petitioners to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. For a conviction obtained by a guilty plea, counsel's deficient performance is prejudicial only if "there is a reasonable probability that, but for counsel's errors, [the petitioner] would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985). A reasonable probability is a "probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. This question is an objective inquiry, Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), and dependent on the likely outcome of a trial had the defendant not pleaded guilty. Hill, 474 U.S. at 59-60.

The Warren County Circuit Court denied Banks' first ineffectiveness of counsel claim after relying on counsel's affidavit. Counsel averred that he spoke with Banks and the victim, both parties consented to the representation before it began, his prior civil representation of the victim did not affect his criminal representation of Banks, and a conflict of interest did not exist. Banks, No. CL07000224-00 at 3. The Warren County Circuit Court determined that no conflict of interest nor any adverse effect from the representation existed and held that counsel did not violate any Strickland standards. The Warren County Circuit Court relied on Cuyler v. Sullivan,

7

446 U.S. 335, 350 (1980), which held that, to succeed on a conflict of interest claim, a defendant must present evidence that his counsel actively represented conflicting interests and the conflicting interests adversely affected counsel's performance. Banks argues that counsel had a personal conflict of interest because counsel showed up at hospitals when Melissa gave birth to children in 2003 and 2004. Banks also argues that counsel was asked to be the children's godfather. In his affidavit, however, counsel affirmed that he is not the children's godfather nor does he have strong social ties to the victim. Therefore, the court finds that the Warren County Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts.

The Warren County Circuit Court relied on its previous finding that no conflict of interest existed to deny Banks' next claim that counsel failed to disclose the conflict of interest, thereby denying Banks the opportunity to waive it or withdraw his plea. Banks, No. CL07000224-00 at 5. The Circuit Court reasoned that counsel was not required to report anything to the trial judge since no conflict of interest existed. Id. at 5-6. The Court also noted that counsel could not advise Banks to withdraw his guilty plea because there was no basis for withdrawing his plea without a conflict of interest. Id. at 6. Accordingly, the Court held that counsel did not violate any Strickland standards.

The United States Supreme Court in United States v. Hyde held that a defendant was not entitled to withdraw a guilty plea after the plea has been accepted without showing a fair and just reason. 520 U.S. 670, 679 (1997). Without any cognizable conflict of interest or successful ineffectiveness claim, the Warren County Circuit Court recognized that Banks did not have a basis to request a withdrawal of his guilty plea. Therefore, the court finds that the state court's

8

disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts.

Banks alleges in his third ineffective assistance of counsel claim that counsel failed to disclose that he spoke with the victim at the crime scene on a date after the crimes occurred. The Circuit Court held that the alleged conversation did not take place, relying on counsel's affidavit that averred the same. Banks, No. CL07000224-00 at 6. The Court also determined that "even if the alleged conversation had occurred, that would not in itself constitute a conflict of interest, and Banks has not otherwise shown that any conflict existed." Id. Accordingly, the Court held that counsel did not violate any Strickland standards. Banks does not refute these factual findings by clear and convincing evidence and merely alleges that counsel told him that counsel spoke with the victim at the school. See 28 U.S.C. § 2254(e)(1). Counsel averred that he did not talk to the victim at the crime scene, but "happened to drive by the scene and saw [the victim] talking to a police officer." (Pet'r Ex. 24.) Therefore, the court finds that the Warren County Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts.

Banks alleges in his fourth claim that counsel knowingly failed to interview three witnesses to prove the victim was having an affair. Banks alleges that the victim told the witnesses that "[o]ne of her new co-workers was hot and they were trying to get [Petitioner] into trouble so they could be together." (Pet'r Mem. at 20.) The Warren County Circuit Court dismissed the claim and noted that these facts did not support a viable defense but were a method to show his wife was unfaithful. Banks, No. CL07000224-00 at 6. The Court relied on counsel's averment that he "was fully informed [of the facts] . . . and was fully prepared to try the case"

9

and "was reluctant to emphasize this evidence because it did not provide a defense, but did indicate Banks' motive for the crimes." Id. Accordingly, the Warren County Circuit Court deferred to counsel's strategy and held that this claim did not merit relief under Strickland.

It is well settled that "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and a defendant must overcome the presumption that counsel's actions "might be considered sound trial strategy[.]" Strickland, 466 U.S. at 689. Therefore, the court finds that the Warren County Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, Strickland and was not based on an unreasonable determination of facts.

For his fifth claim, Banks alleges that counsel did not tell him until the day of the guilty plea hearing about a witness' statement to the police. The witness told the police that she heard Banks threaten the victim's life the day before the attack. Banks, No. CL07000224-00 at 7. The Warren County Circuit Court noted that Banks failed to allege that he would have rejected the plea and gone to trial due to the alleged deficient performance. Id. at 7-8. The Court noted that Banks did not offer any affidavit or proffer any testimony to support his claim and Banks' statement during his plea colloquy that he was entirely satisfied with his counsel's representation contradicted his allegation. Id. Accordingly, the state court held that Banks failed to set forth a viable claim under Strickland. Id.; see Hill, 474 U.S. at 59-60. "Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of . . . contentions that [contradict] the face of the record are wholly incredible." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Therefore, the court finds that the Warren County Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an

unreasonable determination of facts.

The Warren County Circuit Court denied relief on Banks' sixth ineffective assistance of counsel claim that counsel failed to give him "pieces of information relating to his defense." (Pet'r Mem. at 22.) Specifically, Banks alleges that he requested from counsel, but never received, his case file, copies of the statutes he was charged with violating, and copies of discovery. Id. at 22-23. The Warren County Circuit Court noted counsel's averment that counsel "attempted to give Banks what he requested, and had reviewed most documents with him at the jail." Banks, No. CL07000224-00 at 10. The Court determined that Banks failed to show that delivery of the requested materials amounted to unconstitutionally deficient performance or would have convinced a reasonable defendant to reject the plea and go to trial. Id.; see Strickland, 466 U.S. at 687; Hill, 474 U.S. at 59-60. Accordingly, the Court held that Banks failed to show any violation under Strickland. After reviewing the record, the court finds that the Warren County Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts.

2. *Involuntary guilty plea*

Banks claims that the Commonwealth used promises, trickery, and coercion to compel his guilty plea, thereby making his guilty plea involuntary. According to Banks, the Assistant Commonwealth Attorney told Banks' mother that, due to the terms of the Warren County Circuit Court's existing order, she would not be able to see her grandchildren until the trial finished a year later. (Pet'r Mem. at 24.) Banks' mother subsequently begged Banks to plead guilty. Id. at 19. Despite Banks' guilty plea, however, the victim still did not allow Banks' mother to see her grandchildren. Id. at 24.

11

In denying relief on this claim, the Warren County Circuit Court noted that Banks' exhibit documenting the claim, a letter from Banks' mother, was not proper evidence because the letter was not an affidavit. Banks, No. CL07000224-00 at 11. The Court also noted that this claim is the opposite of Banks' statements during his plea colloquy when he affirmed that no one had threatened or coerced him to plead guilty. Id. at 10-11. Accordingly, the Court dismissed this claim. See Blackledge, 431 U.S. at 74 (holding that contentions that contradict declarations made in open court are wholly incredible). After reviewing the record, the court finds that the Warren County Circuit Court's disposition of this claim was not contrary to, or an unreasonable application of, federal law and was not based on an unreasonable determination of facts.

### III. Conclusion

For the foregoing reasons, the court grants the respondent's motion to dismiss petitioner's § 2254 petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

**ENTER**: This 12th day of November, 2008.

/s/ Judge Conrad
United States District Judge